UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**PRICE G. TURNER, III,**

        Petitioner,

        -vs-                                Case No. 15-C-1254

**ROBERT HUMPHREYS, Warden,**
**Kettle Moraine Correctional Institution,**

        Respondent.

## DECISION AND ORDER

Price Turner moves to stay this action under 28 U.S.C. § 2254 while he pursues post-conviction remedies in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005). Turner cannot invoke *Rhines*' "stay and abeyance" procedure because his petition is not "mixed" – i.e., it does not contain any unexhausted claims. Instead, it appears that Turner wants to bring another claim in state court and then later add it to the exhausted claim he brought in the instant petition. If this understanding is correct, Turner should voluntarily dismiss this petition and file a new petition once his other claim is exhausted.

Turner is obviously concerned that he will forfeit his right to relief in federal court because of the one-year limitations period. § 2244(d)(1). For Turner, the limitations period began running on March 18, 2015 — 90 days

after the Wisconsin Supreme Court denied review in Turner's direct appeal. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). Turner filed his post-conviction action 8 months later, thus tolling the limitations period in state court. § 2254(d)(2). Therefore, Turner would have four months to file his action in state court upon the conclusion of proceedings in state court.

In this respect, the Court notes that even if Turner's petition was formally "mixed" — i.e., if he had alleged the unexhausted claim in the instant petition — the *Rhines* procedure would still be inapplicable because of the operation of § 2254(d)(2). 544 U.S. at 275 ("If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it … *after* the limitations period has expired, this will likely mean the termination of any federal review") (emphasis added). In other words, the *Rhines* procedure was meant to protect petitioners from forfeiting their right to federal review due to the operation of the one-year limitations period. Turner needs no such protection at this time.

Accordingly, Turner's motion to stay [ECF No. 3] is **DENIED**. Within **thirty (30) days** of the date of this Order, Turner must either voluntarily dismiss this action or express his intent to proceed to judgment on the exhausted claim alleged in his petition. Turner is warned that if he

chooses to proceed, he will likely lose the right to federal relief on his unexhausted claim. *See* § 2244(b)(2).

Dated at Milwaukee, Wisconsin, this 3rd day of December, 2015.

                                    **SO ORDERED:**

                                    *[signature]*

                                    **HON. RUDOLPH T. RANDA**
                                    **U.S. District Judge**